IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br>　　　　**Plaintiff,** | : <br> : <br> : | **CASE NO.**　7:14-CV-27 |
| **v.** | : <br> : <br> : | |
| **$10,000.00 IN UNITED STATES FUNDS,**<br>　　　　**First-Named Defendant Property,** | : <br> : <br> : <br> : | |
| **$1,669.00 IN UNITED STATES FUNDS,**<br>　　　　**Second-Named Defendant Property.** | : <br> : <br> : <br> : | |

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW, Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure:

### *Nature of the Action*

1.　This is a civil action *in rem* brought pursuant to 21 U.S.C. § 881(a)(6), to forfeit and condemn to the use and benefit of the United States of America certain personal property, to wit: $10,000.00 in United States funds, and $1,669.00 in United States Funds, (hereinafter collectively referred to as the "Defendant Property").

### *The Defendant in Rem*

2.　The First-Named Defendant Property consists of $10,000.00 in United States funds, seized from the residence maintained by Clarence Edmondson, on

August 5, 2013, located at 3955 Moultrie Highway, Quitman, Brooks County, Georgia. The First-Named Defendant Property is presently in the custody of the United States Marshals Service and has been deposited into the Seized Asset Deposit Fund Account.

3. The Second-Named Defendant Property consists of $1,669.00 in United States funds, seized from the person of Clarence Edmondson, on August 5, 2013, at the Brooks County Jail, located at 1003 Holloway Drive, Quitman, Georgia. The Second-Named Defendant Property is presently in the custody of the United States Marshals Service and has been deposited into the Seized Asset Deposit Fund Account.

### *Jurisdiction and Venue*

4. Plaintiff brings this action *in rem* in its own right to forfeit the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1395, because the Defendant Property was seized in Brooks County, Georgia, which is a place within the Middle District of Georgia.

7. The seizure of the Defendant Property was adopted by the United States Department of Justice, Drug Enforcement Administration ("DEA"), which began administrative forfeiture proceedings. On or about October 3, 2013, Clarence Allen

Edmondson, through his attorney, Gregory A. Voyles, Esquire, 1008 N. Patterson Street, Valdosta, Georgia, 31603, filed a claim with the DEA, after which the DEA referred the matter to the United States Attorney for the Middle District of Georgia.

### *Basis For Forfeiture*

8.     The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and/or 3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

### *Factual Allegations*

9.     In June of 2012, agents received information that Clarence Allen Edmondson ("Edmondson") was in the possession of anhydrous produced methamphetamine, and possessed a tank containing anhydrous ammonia for the purpose of manufacturing anhydrous methamphetamine at his residence. Upon receiving the information, agents began an investigation into the allegation.

10.    As part of that investigation, additional information was received indicating that Edmondson cooked methamphetamine at his residence, which was verified by law enforcement officers through surveillance conducted at the residence of Edmondson located at 3955 Moultrie Highway, Quitman, Brooks County, Georgia (hereinafter referred to as the "residence").

11.    An inquiry made through the Brooks County Georgia Tax Assessors Office confirmed that the registered owner of the residence was listed as Clarence Edmondson.

12. Based on the information revealed during the investigation, a State Search Warrant was obtained for the residence on August 1, 2013.

13. The State Search Warrant was executed on August 5, 2013, by DEA Special Agents, and law enforcement officers with the Brooks County and Clinch County Sheriff's Offices.

14. During the execution of the State Search Warrant at the residence, the agents and law enforcement officers found, *inter alia*, two firearms, a straw with what appeared to have methamphetamine residue on it, a digital scale, a pill bottle containing approximately ninety-five (95) 30mg Pseudoephedrine pills, rubber tubing, a Top Care Nasal Decongestant box containing forty (40) 120 mg Pseudoephedrine pills, two cold compresses, three cans of Coleman Fuel, a pill grinder, a blister pack containing twenty-four (24) 30mg Pseudoephedrine pills, a safe containing $10,000.00 in United States currency, one bottle of Lye, and a clear plastic bag containing what appeared to be methamphetamine.

15. A search executed by the agents and law enforcement officers inside the shop located on the property of the residence led to the discovery of approximately one hundred and forty pounds (140 lbs.) of Anhydrous Ammonia inside a 500 gallon tank and small talk, three cans of Acetone, one pack of Lithium Batteries, one can of baking soda, Sulfuric Acid, one can of Drano, one beam scale, one case of Heet, and a transfer tank.

16. While searching the inside of the metal building located on the most northern part of the property, agents and law enforcement officers found, *inter alia*, two buckets of Ammonia Nitrate, fireworks (Red Phosphorus), three bottles of liquid fire, two

bottles of Drano, one bottle of Lye, six bottles of Hydrogen Peroxide, three cans of Coleman fuel, one case of Thurst starting fluid, one propane tank used to store anhydrous, and one bottle of Muriatic Acid.

17.   Edmondson was present at the time the State Search Warrant was executed, and was arrested and charged with Manufacturing Methamphetamine, Possession of a Firearm by a Convicted Felon, Possession of Anhydrous Ammonia, Possession of Methamphetamine, and several other charges for possession of narcotics.

18.   At the Brooks County Jail, an additional $1,669.00 in United States currency was located on the person of Edmondson as he was being processed for jail.

19.   A criminal history records check revealed that Edmondson has had prior arrests for narcotics violations.

20.   The First-Named Defendant Property was seized for a total amount of $10,000.00 in United States funds, and consists of the currency found inside a safe at the residence.  The Second-Named Defendant Property was seized for a total amount of $1,669.00 in United States funds, and consists of the currency found on the person of Edmondson while being booked for narcotics charges by the Brooks County Sheriff's Office.

### *Conclusion*

21.   Based on the foregoing, probable cause exists to believe that the Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, punishable by more than one year's imprisonment, constitutes

proceeds traceable to such an exchange, and/or constitutes money used or intended to be used to facilitate a violation of the Controlled Substances Act, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Property; that due notice be given to all parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED, February 28, 2014.

        MICHAEL J. MOORE
        UNITED STATES ATTORNEY


By:   s/ DANIAL E. BENNETT
      ASSISTANT UNITED STATES ATTORNEY
      GEORGIA STATE BAR NO.  052683
      UNITED STATES ATTORNEY'S OFFICE
      Post Office Box 1702
      Macon, Georgia 31202-1702
      Telephone: (478) 752-3511
      Facsimile: (478) 621-2712